## OLSZOWY v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13367.   Decided Feb 26, 1934

Rocker & Schwartz, Cleveland, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The parties appear in this court in the same relation as they did in the trial court. Plaintiff's petition is grounded upon allegations of negligence wherein she seeks to recover damages for injuries sustained by her in falling upon an icy step of one of the defendant's street cars while she was in the act of boarding the same. After counsel for the plaintiff made his opening statement to the jury, the trial court on motion of defendant granted a judgment for the defendant on said opening statement.

For the purpose of this case we are bound to assume the truth of the statements contained in the opening statement of counsel for plaintiff. We shall give the substance of the same: It was stated that the plaintiff offered herself as a passenger upon one of defendant's street cars on Broadway in the City of Cleveland, at a regular car stop; that the car came to a stop and the front door thereof opened by the motorman, the entrance being through the motorman's vestibule; that plaintiff started to board the car in the usual manner; that after she had one foot on the car step and had lifted her other foot, she slipped and fell, first upon the vestibule floor, and then slid off into the street and was injured.

The statement further related that the car step was icy and slippery; that another passenger boarded the street car at East 93rd and Broadway, about two miles before the car had reached the place where the plaintiff attempted to board the same, and that at the time the plaintiff attempted to board the car and also at the time the other passenger boarded the car, the step was covered with an irregular ridge of ice which bore the appearance of having been there for a long time; that nothing was done by the street railway company between the time the other passenger boarded the car at East 93rd Street and Broadway until the car reached Forman Avenue, where the plaintiff was injured.

The statement further related that the day upon which this accident occurred was a cold clear day, and that there was no snowstorm at any time on that day but that there had been a storm the day before.

The statement further related that after the plaintiff fell, other passengers attempted to board the car, but that the motorman refused to permit them to do so until he had sprinkled some sand upon the step.

The rest of the statement related to plaintiff's injuries, and to the fact that plaintiff did not know of the slippery condition of the step, and had not been warned concerning it.

The trial court in entering a non-suit against the plaintiff, conceived it to be the law of Ohio that a passenger who falls upon a slippery or icy street car step and is injured, cannot recover from the street railway company unless it can be shown that the icy and slippery condition of the step existed at the time the street car left the car barns.

With this statement of the law we do not agree. It must be borne in mind that when the plaintiff attempted to board defendant's street car she did so by reason of an implied invitation for her to board the street car and as such she is entitled to the highest degree of care on the part of the street car company. She may therefore assume that it is safe for her to board the street car. It may be conceded that this duty which the street car company owes its passengers for their protection cannot be stretched to unreasonable limits. We fail to see wherein the simple precaution of putting sand upon the street car step upon which snow and ice have accumulated, would in any way place an unreasonable burden upon it. If the evidence in a given case shows that there was no sufficient previous opportunity to take such precaution, a different situation would arise, and in that event it is quite reasonable to hold that the street car company is not responsible.

Statement of counsel for plaintiff, however, discloses that the step was covered with an irregular ridge of ice which bore the appearance of having been there for a long time. Another passenger who boarded the street car about two miles before the car reached the place where the plaintiff had attempted to board the same, had observed this condition of the step to be the same as described by the plaintiff. Sand was carried by the crew of the street car for the very purpose of spreading the same upon icy steps, in order to assure a greater amount of safety for those boarding the street car.

Under these circumstances it becomes a

question of fact as to whether a sufficient opportunity was afforded the employees of the street car to observe the condition of the step and to take necessary precautions for the safety of passengers.

As we conceive it to be the law, the mere fact of the existence of ice and snow upon the street car step without any further showing, would not present a prima facie case so as to require a submission of same to the jury. Our holding is based upon the additional facts contained in statement of counsel for plaintiff which present the issue as to whether or not the defendant had a reasonable opportunity to take precautions.

The proposition of law contended for by counsel for The Cleveland Railway Company that there can be no recovery against the company uness it can be shown that the icy and slippery condition of the step existed at the time the street car left the car barns, seems to us untenable. It is a fundamental law of evidence that if the information sought to be elicited lies peculiarly with the defendant that the plaintiff is exempted from the burden of proving the same. A passenger in this case should not be compelled to assume the impossible burden of showing what the condition of the street car step was at the time the same left the car barns. This information lies peculiarly within the province of the defendant company and for that reason it is in a better position to give this information. In our opinion the statement of counsel, if true, necessitated a submission of the case to the jury.

The trial court erred in granting defendant's motion.

Judgment reversed and case remanded.

McGILL, J, concurs in the judgment.
LIEGHLEY, PJ, dissents.